UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSTENS INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0796-X |
| | § | |
| RONALD A. HAARSMA AND | § | |
| HERITAGE VINTAGE SPORTS | § | |
| AUCTIONS, INC. | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jostens, Inc. ("Jostens") and Defendant Ronald A. Haarsma each claim ownership of a 2016 World Series Championship Ring. Jostens, the jeweler who made the ring, brought this conversion action against Haarsma, who is attempting to sell the ring. Haarsma raised a counterclaim seeking "a declaratory judgment that he is the sole owner and entitled to possession of the ring."[1] Before the Court is Jostens' motion to dismiss that counterclaim. [Doc. No. 16].

Jostens alleges that Haarsma's counterclaim is duplicative. Since the first element for a conversion claim in Texas is that "the plaintiff owned or had possession of the property or entitlement to possession,"[2] Jostens is correct that Haarsma's counterclaim is the mirror-image of the first element of Jostens' claim.[3] But while it

---

[1] Doc. No. 8 at 6.

[2] *Setliff v. Zoccam Technologies, Inc.*, No. 3:21-CV-2025-B, 2022 WL 504395, at *9 (N.D. Tex. Feb. 18, 2022) (Boyle, J.) (citing *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 366 (Tex. App.—Dallas 2009, pet. denied)).

[3] *See, e.g.*, *Liberty Ins. Corp. v. Arch Ins. Co.*, No. 4:20-CV-098-A, 2020 WL 3065523, at *3–4 (N.D. Tex. June 8, 2020) (McBryde, J.) (dismissing counterclaim for declaratory relief that was

may be duplicative now, Haarsma's counterclaim could prove useful should Jostens fail in its conversion claim. In that case, Haarsma's counterclaim would no longer be duplicative, and would in fact be necessary to secure a ruling that he is the ring's rightful owner.

The Court notes that the counterclaim Haarsma describes in his briefing does not go as far as the counterclaim that actually appears in his pleadings.[4] To allow Haarsma the opportunity to broaden his requested declaratory relief, the Court **GRANTS** Jostens' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Haarsma's counterclaim. Within twenty-eight days of this order, Haarsma may file an amended counterclaim that matches the counterclaim he describes in his briefing.

**IT IS SO ORDERED** this 10th day of January, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

"duplicative because it [was] essentially the mirror-image of plaintiff's claim"); *see also Klein v. Fed. Ins. Co.*, Nos. 7:03-CV-102-D & 7:09-CV-094-D, 2014 WL 4476556, at *9 (N.D. Tex. Sept. 11, 2014) (Fitzwater, C.J.).

[4] *Compare* Doc. No. 8 at 9 (asking the Court to enter a judgment declaring "that Haarsma, as a bona fide purchaser of the [r]ing, owns all right, title, and interest in and to the [r]ing; [] that Jostens has no rights or legitimate interests in the [r]ing; [] that Heritage has no right or legitimate interest in maintaining possession of the [r]ing; and [] that Heritage release the [r]ing to Haarsma immediately and without further delay"), *with* Doc. No. 17 at 5 (claiming that Haarsma seeks a declaration that the ring is World Series MVP "Ben Zobrist's authentic, official 2016 Chicago Cubs World Series ring").