UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSTENS INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 3:22-cv-00796-X |
| RONALD A. HAARSMA and HERITAGE | § | |
| VINTAGE SPORTS AUCTIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT RONALD A. HAARSMA'S MOTION TO COMPEL

Defendant Ronald A. Haarsma, pursuant to Federal Rules of Civil Procedure 26 and 37 and Civil Local Rule 7.1, moves the Court to compel Plaintiff Jostens Inc. ("Jostens") to respond fully to Mr. Haarsma's First Set of Written Discovery Requests to Plaintiff Jostens Inc., served on August 2, 2022. In support of this Motion to Compel, Mr. Haarsma states as follows:

### INTRODUCTION

Since the inception of this dispute, Jostens has attempted to convince Mr. Haarsma that the Chicago Cubs championship ring that he purchased from ChampionshipRings.net ("ChampionshipRings") for $120,000.00 is in fact a stolen sample ring. But rather than provide concrete proof demonstrating that the ring Mr. Haarsma purchased is the allegedly stolen sample, Jostens has effectively taken the position that Mr. Haarsma should just "take our word for it." Mr. Haarsma does not need to do this, and had Jostens simply provided enough information in discovery to prove its conversion claim, this case would be over. However, Jostens has not provided enough

49119814

information to prove its conversion claim and when pressed for more information, Jostens has "gone dark," becoming uncommunicative with Mr. Haarsma's counsel. Because Jostens will not respond and it has not complied with its discovery obligations, Mr. Haarsma has no choice but to seek Court intervention through this motion to compel.

## **BACKGROUND**

On or about December 13, 2019, Mr. Haarsma purchased what he believes to be Ben Zobrist's 2016 Chicago Cubs "World Series" Champions Player's Ring (the "Ring") from ChampionshipRings for $120,000.00. (Am. Countercl. ¶ 8, Dkt. No. 26.) In addition to the Ring, Mr. Haarsma also received what he believes to be the original presentation box that Mr. Zobrist received with the Ring after the 2016 World Series. (*Id.*)

The Ring Mr. Haarsma purchased has at least two distinguishing features: (1) a circular perimeter of round blue sapphires on the top of the ring and (2) an "angry" goat image on the inner band:



(*See* APP. 004-005.)[1]

After possessing the Ring for about eighteen months, Mr. Haarsma decided to sell it and entered into an Auction Consignment Agreement: Sports Collectibles (the

---

[1] Unless otherwise noted, the materials Mr. Haarsma relies on are included in the contemporaneously filed appendix. The appendix exhibits are consecutively numbered in the lower right corner of the page, *i.e.*, APP. 001, and cited by appendix page number in this Motion.

"Consignment Agreement") with Heritage Vintage Sports Auctions, Inc. ("Heritage"). (Am. Countercl. ¶ 11, Dkt. No. 26.) Heritage then announced on social media that the Ring would be entering the open market for auction. (*Id.* ¶ 12.)

At some point after Heritage's social media announcement, Mr. Haarsma learned that Jostens claimed that the Ring was a stolen sample ring that it purportedly owned. (*Id.* ¶ 13.) Jostens alleged that the sample ring was stolen – along with six other sample rings – from another professional sports organization in February 2018 and never recovered. (Am. Compl. ¶¶ 16-18, Dkt. No. 5.)

According to Jostens' Amended Complaint, the official Chicago Cubs World Championship Ring has at least two distinguishing features: (1) a circular perimeter of custom-cut blue sapphires on the top of the ring and (2) a "silhouette" goat image on the inner band:



(*See id.* ¶¶ 8, 10.)

On June 13, 2022, Mr. Haarsma responded to the Amended Complaint and filed a Counterclaim seeking a declaration that he is the rightful owner and entitled to possession

of the Ring.[2] (Haarsma's Answer & Countercl., Dkt. No. 8.) Unwilling to simply take Jostens at its word, Mr. Haarsma served Jostens with interrogatories and document requests on August 2, 2022. Mr. Haarsma's requests targeted information about (1) each ring Jostens designed and manufactured for the Chicago Cubs organization to commemorate the 2016 World Series, (2) the official presentation box provided with the Ring, (3) the events and details surrounding the alleged theft of the sample ring, and (4) communications with Heritage, the Chicago Cubs and other third-parties concerning the Ring. Specifically, Mr. Haarsma propounded the following discovery requests to Jostens:

- **Interrogatory No. 2:** Describe with particularity (1) each sample ring or prototype You designed and made for the Chicago Cubs Organization to commemorate the 2016 World Series championship, (2) each official ring You designed and made for the Chicago Cubs Organization to commemorate the 2016 World Series championship, (3) each duplicate ring You designed and made for the Chicago Cubs Organization to commemorate the 2016 World Series championship, and (4) each family or friend ring You designed and made for the Chicago Cubs Organization to commemorate the 2016 World Series championship. For each of the four categories of rings discussed above, state:

  a. The ring specifications (including all materials used to make the ring and all identifiable characteristics);

  b. The manufacturer of the ring;

  c. The date the ring was manufactured; and

  d. When the ring was presented and/or provided to the Chicago Cubs Organization.

---

[2] On August 1, 2022, Jostens moved to dismiss the Counterclaim as duplicative. (Mot. to Dismiss, Dkt. No. 16.) The Court ultimately granted Jostens' motion, but permitted Mr. Haarsma to file an amended counterclaim that broadened his requested declaratory relief. (Order, Dkt. No. 25.) Thereafter, on February 7, 2023, Mr. Haarsma timely filed his Amended Counterclaim. (Am. Countercl., Dkt. No. 26.) The Amended Counterclaim seeks an alternative declaration that the Ring in Heritage's possession is not the stolen sample ring as alleged in Jostens' Amended Complaint. (*See id.* ¶¶ 21-25.)

- **Interrogatory No. 3:** For each sample ring or prototype You designed for the Chicago Cubs Organization to commemorate the 2016 World Series Championship, describe with particularity:

  a. Whether the sample ring or prototype was chosen by the Chicago Cubs Organization to be the official ring provided to Chicago Cubs players, staff, or members of the organization;

  b. If the sample ring or prototype was not chosen by the Chicago Cubs Organization, describe any changes or modifications requested by the Chicago Cubs Organization to the sample ring or prototype; and

  c. For any rejected sample ring or prototype, state:

     i. If You disposed of the rejected sample ring or prototype (and how You disposed of it); or

     ii. If the sample ring or prototype was not disposed of, the current whereabouts of the ring.

- **Interrogatory No. 9:** Identify the "Jostens ring designer" who left seven sample rings, including the alleged Chicago Cubs World Series sample ring, with another professional organization in February 2018 as described in Paragraph 16 of the Complaint.

- **Interrogatory No. 10:** Describe with particularity the circumstances surrounding the alleged stolen sample rings as described in Paragraph 16 of the Complaint, including, but not limited to, (1) the date the sample rings were left with the other professional sports organization, (2) the individual(s) at the professional sports organization who You gave the sample rings to, (3) the date that You learned that the sample rings were stolen and/or missing, (4) all details You were provided about the alleged theft of the stolen sample rings, (5) the actions You took to locate the alleged stolen sample rings, (6) any information You received about the alleged stolen sample rings and their potential whereabouts, and (7) whether any of the allegedly stolen sample rings were recovered by You.

- **Interrogatory No. 13:** Identify which of the 2016 Chicago Cubs World Series rings (i.e. sample rings or prototypes, official rings, duplicate rings, or family and friends rings) would be presented to the Chicago Cubs Organization with an official presentation box that would be included with the ring.

- **Request for Production No. 5:** All documents, including but not limited to communications, that relate to, discuss, or mention the specifications for each of the rings You identified and described in response to Interrogatory No. 2.

- **Request for Production No. 6:** All documents, including but not limited to communications with the Toronto Argonauts organization, Jim Popp, Paul Elliott or the Toronto Police Department, related to the alleged theft of the 2016 Chicago Cubs World Series sample ring, as described in Paragraph 16 of the Complaint.

- **Request for Production No. 9:** All documents, including but not limited to purchase orders, invoices, or communications, related to any duplicate rings or family and friends rings You provided to Mr. Zobrist or any other person or entity on behalf of Mr. Zobrist related to the 2016 Chicago Cubs World Series championship.

- **Request for Production No. 11:** All communications with Heritage related to the allegedly stolen sample ring referenced in the Complaint.

- **Request for Production No. 12:** All communications with any third-party, including the Chicago Cubs Organization or Mr. Zobrist, related to the allegedly stolen sample ring.

- **Request for Production No. 14:** All communications with the Chicago Cubs Organization regarding the design, manufacture, and sale of the 2016 Chicago Cubs World Series rings. For clarity, this Request seeks all communications concerning the official ring as well as any sample rings, prototypes, duplicate rings, or family and friends rings.

(*See* APP. 006-018 (the "First Discovery Requests").)

On September 8, 2022, Jostens responded to the First Discovery Requests, but Jostens did not produce a single document in response. (*See* APP. 019-030 ("Plaintiff's Response").) Instead, Jostens objected to the First Discovery Requests on multiple grounds, including that the information sought was unduly burdensome, out of proportion to the needs of the case, and called for irrelevant information. (*See id*.) Although Jostens provided some limited information, Jostens' answers generally either unilaterally narrowed the scope of the requests (e.g., stating "[t]here are only two ring designs that are relevant to this case – the official 2016 World Series Championship Ring and the sample ring that was stolen") or Jostens promised to produce additional information after the entry of a protective order. (APP. 022.)

49119814

A protective order was entered in this case on November 30, 2022 (*see* Protective Order, Dkt. No. 23), but Jostens did not supplement its interrogatory responses as it had promised. Instead, on December 12, 2022, Jostens produced 13 pages of documents. Among the 13 pages of documents, Jostens produced only two documents even remotely similar to a specification: (1) a one-page specification for "Round 2 Sample 1(#7)" and (2) a one-page document showing the general design of the "Award Ring A" and the "Family Ring." (*See* SEALED APP. 031-032.)[3] Further, Jostens only produced one communication with Heritage about the Ring – a letter that directly referenced another communication which was not produced. (APP. 033.)

Jostens produced an officer's report concerning the alleged theft, but the report contains limited information about the incident and provides no discernible information about the identity of the Jostens employee involved. (SEALED APP. 034.) Moreover, the report does not include any information about the identity of any of the rings that were allegedly stolen, much less mention anything about a Chicago Cubs sample ring. Jostens also produced one email chain about the alleged theft, but that email chain is similarly vague about the details of the theft and what was taken. (SEALED APP. 035-040.) Included in the attachments to the email chain is what appears to be a picture of the stolen Chicago Cubs championship ring. The picture of the stolen Chicago Cubs ring shows that the ring had custom-cut blue sapphires, not round cut sapphires similar to those on the Ring Mr. Haarsma purchased. (SEALED APP. 037.)

---

[3] Because Jostens designated nearly its entire 13-page production as "Confidential" or "Attorneys' Eyes Only Confidential" under the Protective Order, Mr. Haarsma is contemporaneously filing with this Motion a motion to file under seal and a corresponding appendix that contains the subject supporting documents in their entirety. To assist the Court, Mr. Haarsma cites to these documents with a separate identifier – "SEALED APP. ___" – and has placed slipsheets directing the Court to the Appendix to the Motion to File under Seal in the appendix to this motion.

On February 13, 2023, responding to Mr. Haarsma's request about more information concerning the "angry" goat image that appears on the inner band of the Ring he purchased, Jostens provided one other photograph of a Chicago Cubs ring. The photograph was attached to an email from Jostens' counsel, who represented that the "angry" goat image appears "in the *samples* that were not selected." (*See* APP. 036-043 (emphasis added).) The photograph also demonstrated that one of the sample rings "not selected" had another key distinguishing feature – custom-cut blue sapphires:



The limited information provided by Jostens clearly demonstrates that at least one additional version of the Chicago Cubs Championship Ring exists. Consequently, Mr. Haarsma – through counsel – served Jostens with a deficiency letter on February 15, 2023, outlining each of the areas where Jostens' production was insufficient. (*See* APP. 044-051.) Mr. Haarsma asked that Jostens address each of the outlined deficiencies by Friday, March 3, 2023. (APP. 051.)

Jostens did not do so. Instead, Jostens' counsel responded on March 3, 2023 stating "I'm still waiting on some additional information. I hope to be in a position to fully respond by Monday." (*See* APP. 053.) When Jostens' counsel failed to provide an

update on Monday, counsel for Mr. Haarsma inquired on March 7 if Jostens could provide a response by the end of the week. (*Id*.) Jostens did not respond. On March 13, counsel for Mr. Haarsma again contacted Jostens and highlighted that a response to the deficiency issues was needed soon given the May 8, 2023 deadline to complete discovery and asked for a date certain when Jostens could substantively respond. (APP. 052-053.) Again, Jostens did not respond. Counsel for Mr. Haarsma then followed up with Jostens on March 16 (by phone and email) and again by email on March 23, informing Jostens that Mr. Haarsma intended to move forward with a motion to compel if Jostens did not respond. (*See* APP. 053; *see also* APP. 003 ¶¶ 13-15.) As of the date of filing this motion to compel, Jostens has not responded. Faced with a looming discovery deadline and an uncooperative party, Mr. Haarsma had no choice but to bring this Motion.

## ARGUMENT

The discovery sought by Mr. Haarsma directly relates to the critical issue of this case: whether the subject ring currently in Heritage's possession is, in fact, the stolen sample ring as alleged by Jostens. Mr. Haarsma's requests narrowly target the substantive allegations of Jostens' Amended Complaint, Mr. Haarsma's defenses to the Amended Complaint, and Mr. Haarsma's Amended Counterclaim.

Rule 26 permits discovery on any topic that is relevant to any party's claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Under Rule 37(a), a court may order an answer or compel inspection when a party fails to fully and completely respond to discovery requests. If the court grants a motion to compel – or if the offending party provides the discovery after filing – the court must award the

49119814    9

moving party's reasonable expenses, including attorneys' fees, unless the opposition to the motion was justified. *See* Fed. R. Civ. P. 37(a)(5).

As discussed below, the information sought is relevant to the claims and defenses in this case and is necessary so that Mr. Haarsma can independently evaluate the merits of Jostens' conversion claim. Mr. Haarsma respectfully requests an order compelling Jostens to respond fully to the interrogatories and document requests propounded by Mr. Haarsma and require Jostens to pay Mr. Haarsma for the costs and fees incurred for this motion.

I.   **Jostens Must Produce Information Concerning Each Ring Jostens Designed and Manufactured for the Chicago Cubs to Commemorate the 2016 World Series.**

The critical issue in this case is whether the ring in Heritage's possession is, in fact, the allegedly stolen sample ring. Mr. Haarsma is entitled to information about each sample ring, official ring, duplicate ring, and family or friend ring that Jostens designed and made for the Chicago Cubs so that he can compare the features and components of each ring to the Ring he purchased and make an independent determination of the merits of Jostens' conversion claim.

Mr. Haarsma sought this information through interrogatories and several document requests (*See* APP. 013, 015-016 – Interrog. Nos. 2-3 and Doc. Req. Nos. 5, 14.) In response, Jostens generally objected to providing relevant information on several grounds, including that the requests were unduly burdensome, out of proportion to the needs of the case, and called for irrelevant information. (*See* APP. 022-023, 027, 029-030 – Interrog. Resp. Nos. 2-3 and Doc. Req. Resp. Nos. 5, 14.) Jostens responded further that "[t]here are only two ring designs that are relevant to this case – the official 2016

49119814                                                   10

World Series Championship Ring and the sample ring that was stolen." (APP. 022 – Interrog. Resp. No. 2; *see also* APP. 027 – Doc. Req. Resp. No. 5.)

Jostens' suggestion that only two rings are relevant in this case – the allegedly stolen sample ring and the official ring – is mistaken. Jostens' relevancy objection presumes that only one version of a sample ring exists (the one that was allegedly stolen), but the limited information Jostens has produced thus far demonstrates that this presumption is incorrect. The one-page specification for "Round 2 Sample 1 (#7)" produced by Jostens strongly suggests that more than one sample ring was designed and manufactured for the Chicago Cubs. Moreover, the picture of the sample ring attached to Jostens' counsel's February 13, 2023 email and the photograph of the allegedly stolen sample ring produced by Jostens confirms that there are multiple versions of a Chicago Cubs World Series sample ring. (*See* SEALED APP. 037, 047-048.)

Mr. Haarsma must have information sufficient to ascertain precisely how many ring designs were created and how many rings were manufactured based on those designs. And Jostens must provide enough information to identify exactly which sample ring – among however many sample rings that were created – was the allegedly stolen sample ring. Without this information, neither Mr. Haarsma, the Court, nor a jury could possibly determine that the ring currently in Heritage's possession is in fact the allegedly stolen ring. The ring in Heritage's possession could very well be a different version of a sample ring that Jostens had created for the Chicago Cubs Organization, and not the stolen version. The information Jostens has provided to date does not rule this out.

Further, with respect to Document Request No. 14 – which sought communications with the Cubs organization about the design, manufacture, and sale of

the 2016 Chicago Cubs World Series rings – Jostens objected that the request was unduly burdensome because Jostens had "numerous communications with representatives of the Cubs throughout the design process." But Jostens cannot object to providing relevant communications with the Chicago Cubs about the design and manufacture of the 2016 Chicago Cubs World Series rings based on a vague number of communications. Such an objection does not demonstrate that it would be *unduly* burdensome to collect and produce these documents. Again, Mr. Haarsma is entitled to information about each ring Jostens designed and manufactured for the Chicago Cubs to commemorate the 2016 World Series championship. This would include communications concerning the specifications and design of each of the rings Jostens designed and manufactured for the Chicago Cubs. This information is pertinent to understanding the critical issue of the case – whether the subject ring in Heritage's possession is the alleged stolen sample ring or something else entirely.

## II.     Jostens Must Produce Information About the Official Presentation Box.

Mr. Haarsma also sought information from Jostens concerning the official presentation box that accompanied the official Chicago Cubs rings that were given to players. (*See* APP. 015 – Interrog. No. 13.) When Mr. Haarsma purchased the Ring from ChampionshipRings, it came with an official presentation box – suggesting that the Ring Mr. Haarsma purchased is an official version. Thus, information about the official presentation boxes is relevant to this matter.

Again, Jostens generally objected that Interrogatory No. 13 was unduly burdensome, out of proportion to the needs of the case, and called for irrelevant information. (APP. 026 – Interrog. Resp. No. 13.) Jostens also contended that the term "official presentation box" was unclear. (*Id.*)

Jostens' objections to producing information about the official presentation box are meritless. The request is specifically tailored to the official presentation box provided to official ring recipients with the Chicago Cubs organization related to the 2016 World Series. Given the narrow scope of the request, Jostens' suggestion that this request is "unduly burdensome" is dubious at best and Jostens has not provided any information to back up its objection.

### III.    Jostens Must Produce Information About the Alleged Theft.

As the plaintiff, Jostens has the burden of proving that the Ring is the allegedly stolen sample ring. Accordingly, it follows that any information possessed by Jostens related to the alleged theft is relevant to this case.

Mr. Haarsma issued discovery requests specifically tailored to address Jostens' claim that the ring in Heritage's possession is the stolen sample ring. (*See* APP. 014-015 – Interrog. Nos. 9-10 and Doc. Req. No. 6.) In response, Jostens generally stated the information sought in the requests was "sensitive, confidential business information," but it promised to fully respond after entry of a protective order.[4] (*See* APP. 025 – Interrog. Resp. Nos. 9-10.) Yet, despite the entry of a protective order months ago, Jostens has not provided any information other than a non-detailed officer's report and a non-descript email chain that appears to attach several photos of the allegedly stolen rings. (*See* SEALED APP. 034-040.)

As noted above, the officer's report does not provide any information about the rings that were purportedly contained in the box that was apparently stolen. (*See*

---

[4] In response to Interrogatory No. 10, Jostens provided limited information about the events leading up to this lawsuit rather than the actual circumstances surrounding the alleged stolen sample rings. (APP. 025 – Interrog. Resp. No. 10.) Moreover, in response to Document Request No. 6, Jostens generally objected that the request was unduly burdensome, out of proportion to the needs of this case, and called for irrelevant information. (APP. 027 – Doc. Req. Resp. No. 6.)

SEALED APP. 034.) The report does not mention anything about a Chicago Cubs sample ring. (*Id*.) It does not provide the identity of the Jostens employee involved. (*Id*.) And it does not provide any specific information about the theft. (*Id*.) Absent this information, Mr. Haarsma cannot identify the appropriate Jostens employee(s) to depose about the alleged theft or determine whether the box actually contained seven rings, including a Chicago Cubs World Series sample ring.

Moreover, the lone email chain produced relevant to the theft contains no mention of a Chicago Cubs sample ring and provides no details describing the rings Jostens claims were stolen. (*See* SEALED APP. 035-040.) Instead, the chain attaches four photographs – presumably photos of rings Jostens believes were in the box that was apparently stolen. (*Id*.) Although one of the photos is of a Chicago Cubs championship ring, the allegedly stolen ring has distinguishing features from the Ring – *e.g.* custom-cut blue sapphires vs. round-cut blue sapphires – again suggesting that more than one sample ring exists (Compare APP. 004 with SEALED APP. 037.)

Given that the alleged theft of a sample ring forms the crux of Jostens' conversion claim, Mr. Haarsma is entitled to all information available to Jostens about the alleged theft, including the individual(s) involved.

## IV.   Jostens Must Also Produce Communications With Heritage & Third Parties Concerning the Ring.

Finally, Mr. Haarsma requested communications between Jostens and third parties – including Heritage and the Chicago Cubs – regarding the allegedly stolen sample ring. (APP. 016 – Doc. Req. Nos. 11-12.) Again, it is Jostens' burden to demonstrate that the Ring is the stolen sample ring. And communications about the allegedly stolen sample ring are undoubtedly relevant to this case.

49119814

14

In response, Jostens objected that Document Request No. 12 was unduly burdensome, out of proportion to the needs of the case, and called for irrelevant information. (APP. 029 – Doc. Req. Resp. No. 12.) Nonetheless – in its response to both Document Request No. 11 and No. 12 – Jostens promised to produce responsive documents after entry of a protective order. (APP. 029 – Doc. Req. Resp. Nos. 11-12.) However, despite the protective order having been in place since November 30, 2022, Jostens has only produced one non-confidential communication – a letter from Heritage to Jostens' counsel. (*See* APP. 033.) Ironically, that one communication points to one other communication between Jostens and Heritage, clearly demonstrating that other responsive and relevant documents that are in Jostens possession have not been produced.

Mr. Haarsma is entitled to all communications Jostens had with Heritage and/or any other third party, including the Chicago Cubs, concerning the allegedly stolen sample ring because this information is clearly related to the parties' claims and defenses in this case. Jostens promised to produce these communications after the entry of a protective order and any objection that the requests seeking this information are unduly burdensome is unsubstantiated. Again, the requests are narrowly tailored to specifically target communications about the allegedly stolen sample ring.

## **CONCLUSION**

Jostens cannot continue to evade its discovery obligations, particularly when Jostens is the plaintiff in this case and filed a lawsuit based on its conversion claim. Moreover, all the information about the design and manufacture of the Chicago Cubs World Series rings and the alleged theft are uniquely within Jostens' possession. Mr. Haarsma cannot easily obtain this information from any other source. Jostens'

49119814

15

objections to Mr. Haarsma's narrowly tailored discovery requests are meritless, and its refusal to cooperate on a simple discovery matter is unfortunate. Thus, Court intervention is necessary in order for Mr. Haarsma to obtain this highly relevant information.

For the foregoing reasons, Mr. Haarsma respectfully requests that the Court enter an order requiring Jostens to promptly and fully respond to Mr. Haarsma's Interrogatory Nos. 2-3, 9-10, and 13 and Document Request Nos. 5-6, 9, 11-12, and 14 and award him his reasonable fees and expenses incurred in bringing this motion. Further, Mr. Haarsma requests that the Court amend the Scheduling Order (Dkt. No. 22) by pushing back remaining deadlines by 90 days to provide him an opportunity to complete discovery.

Dated this 30th day of March, 2023.

*/s/ James N. Law*
James N. Law (*Pro Hac Vice*)
WI State Bar ID No. 1088047
jlaw@reinhartlaw.com
Jeffrey Roeske (*Pro Hac Vice*)
WI State Bar ID No. 1096311
jroeske@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965
Telephone: 414-298-1000
Facsimile: 414-298-8097

and

*/s/ Amanda Sotak*
Amanda Sotak
TX State Bar ID No. 24037530
amanda.sotak@figdav.com
Figari + Davenport LLP
901 Main Street, Suite 3400
Dallas, TX 75202
Telephone: 214-939-2000
Facsimile: 214-939-2090

Attorneys for Defendant
Ronald A. Haarsma

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed electronically via the Court's e-filing system on the 30th day of March, 2023, and that all parties and attorneys deemed to accept electronic service will be subsequently notified via the Court's e-filing system.

*/s/ James N. Law*
James N. Law (Pro Hac Vice)

49119814

17