UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSTENS INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0796-X |
| | § | |
| RONALD A. HAARSMA and | § | |
| HERITAGE VINTAGE SPORTS | § | |
| AUCTIONS, INC., | § | |
| | § | |
| *Defendants*. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions: Plaintiff Jostens Inc.'s Amended Motion for Leave to File Under Seal [Doc. 41] and Motion for Leave to File Under Seal [Doc. 53]. The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. After reviewing the motions, the Court **GRANTS** both of Jostens's sealing motions [Docs. 41 & 53]. The Court **ORDERS** the parties to follow the Court's instructions for filing, redacting, and sealing public versions of the various documents and the information that they contain.

## I.     Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

1

appealable under the collateral-order doctrine.[2]  The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3]  That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c).  However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record.*"[4]  Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential."  But to seal documents on the judicial record involves a much more demanding standard.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5]  If the Court seals information, it must give sufficient reasons to allow for appellate review.[6]  Finally, "[p]ublicly available information cannot be sealed."[7]

---

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520.

## II.     Jostens's Amended Motion for Leave to File Under Seal [Doc. 41]

Jostens first seeks to seal certain documents in Defendant Mr. Haarsma's Sealed Appendix to his Motion to Compel, and to redact portions of its amended interrogatory answers.[8] When Jostens filed its initial sealing motion related to the Motion to Compel, the Court denied it without prejudice for failing to meet the heightened sealing standard.[9] The Court provided the requirements for a sufficient sealing motion: to identify precisely what information (pages, lines, etc.) the party wants sealed; conduct a line-by-line, page-by-page analysis explaining and briefing why the risks of disclosure outweigh the public's right to know; and explain why no other viable alternative to sealing exists.[10] Further, the sealing motion must also include a declaration or oath of a person with personal knowledge.[11] After the Court's direction, Jostens's second bite at the sealing apple hit the mark.

A. *Documents in the Appendix to Defendant's Motion to Compel*

Jostens's amended sealing motion meets the heightened sealing standard. In its second go-around, Jostens was precise about what it wanted to seal: two documents, one that provides detailed design specifications for the stolen sample ring and one with design specifications for the official rings given to players and available for their families and friends.[12] Next, Jostens did its part to explain why the risk of

---

[8] Doc. 41.

[9] Doc. 37.

[10] *Id.*

[11] *Id.*

[12] Doc. 41, at 6–7.

disclosure of these two documents outweighs the public's right to know because the detailed design specifications could be used to make counterfeit rings. And last, Jostens explained that there is no other alternative to sealing because the entirety of each document provides confidential, and not publicly available, information. The Court agrees. The motion's facts were also verified in a declaration of a person with personal knowledge. As such, the Court orders that the designated documents in Mr. Haarsma's Sealed Appendix to his Motion to Compel be sealed.[13]

B. *Amended Interrogatory Answers*

In the same amended sealing motion, Jostens also seeks to redact portions of its amended interrogatory answers, specifically information describing "the process by which a sports organization, player, or coach may request a duplicate ring" and details about the theft of the stolen sample ring.[14] Again, Jostens met the standard. It designated with specificity the very lines in the interrogatories it wants to redact. Next, Jostens explained that the risk of disclosing the specific information in the answers outweighs the public's right to know because the information could be exploited by others to create counterfeit rings or to steal other rings. And last, Jostens acknowledged that the whole document need not be sealed, hence why it seeks the

---

[13] Doc. 32-1, Sealed App. 031, 032.

[14] Doc. 41, at 7–8.

targeted redaction of just the lines requested.  As such, the Court orders Jostens to redact the bolded portions of its answers to Interrogatories Nos. 4, 9, and 10.

## III. Jostens's Motion for Leave to File Under Seal [Doc. 53]

The second sealing motion the Court considers today is Jostens's sealing motion accompanying its Motion for Summary Judgment.[15]  In this motion, Jostens requests to seal the very same page with the design specifications of the stolen sample ring from Jostens's first sealing motion.[16]  As the Court already agreed to its sealing in the Appendix to Mr. Haarsma's Motion to Compel, for the same reasons, the Court orders the sealing of the identical document in the Appendix to Jostens's Motion for Summary Judgment.[17]

## IV. Conclusion

Given that the Court finds that Jostens met the heightened sealing standard, the Court **GRANTS** the Amended Motion for Leave to File Under Seal [Doc. 41] and the Motion for Leave to File Under Seal [Doc. 53].  The Court **ORDERS** the parties to comply with the Court's instructions contained herein.  The Court's instructions are the result of a page-by-page, line-by-line analysis.  Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[18]

---

[15] Doc. 53.

[16] *See* Doc. 41, at 6.

[17] Doc. 53-2, App. 9.

[18] *June Med. Servs.*, 22 F.4th at 521.

**IT IS SO ORDERED** this the 26th day of September, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE