UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSTENS INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0796-X |
| | § | |
| RONALD A. HAARSMA and | § | |
| HERITAGE VINTAGE SPORTS | § | |
| AUCTIONS, INC., | § | |
| | § | |
| *Defendants.* | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ronald Haarsma's motion to file under seal (Doc. 63) certain exhibits in his motion for continuance and for leave to file amended pleadings.[1] Haarsma filed this motion pursuant to the protective order.[2] Plaintiff Jostens Inc.'s response included a declaration and a line-by-line, page-by-page analysis to provide justification for granting Haarsma's sealing motion.[3] The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. After reviewing the motion, the Court **GRANTS** Haarsma's sealing motion (Doc. 63). The Court **ORDERS** the parties to follow the Court's instructions for filing, redacting, and sealing the various documents and the information that they contain.

---

[1] Doc. 62.

[2] Doc. 23.

[3] Doc. 70.

1

## I. Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial records.[4] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[5] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[6] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[7] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential." But to sealing documents under seal on the judicial record involves a much more demanding standard.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[8] If the Court seals information,

---

[4] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[5] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[6] *Id.*

[7] *Id.* at 521.

[8] *Id.* (cleaned up).

it must give sufficient reasons to allow for appellate review.[9]  Finally, "[p]ublicly available information cannot be sealed."[10]

## II. Analysis

Haarsma seeks to seal certain information cited throughout his motion for continuance and leave to file amended pleadings—specifically Jostens's "[a]nswer to [i]nterrogatory No. 9" which included the name of the person who left "Jostens sample rings with another professional organization in February 2018."[11]  Haarsma disagrees with the designation of the information as "Attorneys' Eyes Only Confidential," and "defer[red] to Jostens to provide justification to this Court."[12]  The Court finds Jostens sufficiently did so.

First, Jostens provided a declaration of a person with personal knowledge explaining in detail why the information in Jostens's answer to interrogatory No. 9 should be redacted.[13]  Jostens then designated with specificity the very lines in its amended interrogatory it wants to redact,[14] for the reason that it "provides details regarding the theft of the stolen sample ring that are not publicly known."[15]  Next, Jostens explained that the risk of disclosing the specific information in the answer outweighs the public's right to know because the information could be exploited by

---

[9] *Binh Hoa Le*, 990 F.3d at 419.

[10] *June Med. Servs.*, 22 F.4th at 520.

[11] Doc. 63 at 2.

[12] *Id.*

[13] Doc. 70-1 at 2.

[14] Doc. 70 at 4.

[15] *Id.*

others to create counterfeit rings or to steal other rings. And last, Jostens acknowledged that the whole document need not be sealed, hence why it seeks the targeted redaction of just the lines requested.

### III. Conclusion

Given that the Court finds that Jostens met the heightened sealing standard in its response to Haarsma's sealing motion, the Court **GRANTS** Haarsma's sealing motion (Doc. 63). As such, the Court **ORDERS** the bolded portions of Jostens' answer to interrogatory No. 9 cited in Haarsma's motion for continuance and leave to file amended pleadings (Doc. 62) and Haarsma's appendix to his sealing motion (Doc. 63-2 at 152) be redacted. The parties are ordered to comply with the Court's instructions. The Court's findings are the result of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[16]

**IT IS SO ORDERED** this 23rd day of May, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[16] *June Med. Servs.*, 22 F.4th at 521.